UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-cv-5-RLV
(5:08-cr-20-RLV-DSC-1)

| | |
|---|---|
| REMONE LEON ROBINSON, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Response to Petitioner's Motion to Vacate, (Doc. No. 4), and on the Government's Motion for Extension of Time to File Response Out of Time, (Doc. No. 3).

### I. BACKGROUND

Petitioner Remone Leon Robinson was indicted by the Grand Jury for the Western District of North Carolina on April 25, 2008, and charged with possession with intent to distribute at least five grams of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 5:08cr20, Doc. No. 1: Indictment).

Petitioner's case was ultimately tried by a jury and, at the conclusion of the trial, the jury

1

acquitted Petitioner as to the two firearm offenses but found him guilty of possession with intent to distribute at least five grams of crack cocaine. (Id., Doc. No. 45: Jury Verdict). In preparation for Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in response to which both the Government and Petitioner filed objections. See (Id., Doc. No. 51: PSR; Doc. No. 57: Defendant's Objections; Doc. No. 66: Revised PSR; Doc. No. 67: Government's Objections). Citing Petitioner's extensive criminal history, the Government also filed a motion for upward departure requesting that this Court sentence Petitioner as a de facto career offender or, alternatively, upwardly depart based on the inadequacy of Petitioner's criminal history category under Sentencing Guidelines § 4A1.3(a). (Id., Doc. No. 71: Motion for Upward Departure). This Court conducted Petitioner's sentencing hearing on January 25, 2010, ultimately sentencing him to 293 months' imprisonment.[1] (Id., Doc. No. 72: Judgment).

Petitioner appealed, arguing on appeal, in part, that this Court improperly sentenced him as a de facto career offender. The Fourth Circuit rejected Petitioner's argument and affirmed this Court's judgment, holding that this Court's sentence was reasonable given Petitioner's criminal history, and that there was no error in imposing the upward variance sentence. United States v. Robinson, 456 F. App'x 283, 290-91 (4th Cir. 2011). The Fourth Circuit issued its mandate on December 27, 2011.

Petitioner asserts that he placed the instant motion to vacate in the prison system for filing on an unspecified date in December 2012, and it was stamp-filed in this Court on January 7, 2013. In the motion to vacate, Petitioner brings the following claims of ineffective assistance of

---

[1] On October 10, 2012, the Court reduced Petitioner's sentence to 235 months' imprisonment pursuant to the crack cocaine amendments. (Case No. 5:08cr20, Doc. No. 86: Order Granting Motion to Reduce Sentence re Crack Cocaine Offense).

2

counsel: (1) trial counsel was ineffective for failing to challenge the lack of a jury finding as to the drug quantity for sentencing purposes; (2) appellate counsel was ineffective for failing to file a supplemental appellate brief arguing for a reduced sentence under Amendment 750; and (3) trial counsel was ineffective for failing to challenge Petitioner's designation as a career offender.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedinjgs provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Response, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or

unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**1. Counsel's Failure to Challenge the Lack of a Jury Finding as to Drug Quantity**

Petitioner first argues that counsel improperly failed to challenge the verdict form and failed to object to the calculation of Petitioner's base offense level based on a drug quantity that was not found by the jury beyond a reasonable doubt. In the special verdict form, the jury found Petitioner guilty of the possession with intent to distribute crack cocaine and found that the Government had proven beyond a reasonable doubt that the offense involved five grams or more of crack. (Case No. 5:08cr20, Doc. No. 45 at 1: Jury Verdict). In the PSR, the probation officer calculated an offense level of 26 based on a drug quantity of 22.6 grams of crack cocaine. (Id., Doc. No. 51 at 6: PSR).

In arguing that trial counsel improperly failed to object to the special verdict form and the base offense level applied by this Court, Petitioner argues that this Court's finding of a drug quantity of 22.6 grams was inconsistent with the jury's verdict that he was responsible for 5 grams or more of crack. Petitioner argues that, based on this finding, he should have been found responsible for between 5.6 grams and 11.2 grams of crack. Petitioner's argument fails. First, this Court's finding of a drug quantity of 22.6 grams of crack is in no way inconsistent with the jury's finding of a drug quantity of five grams or more of crack. Second, Petitioner's argument

4

fails because, while the Supreme Court has made clear that drug quantity for purposes of the statutory sentencing ranges set forth in 21 U.S.C. § 841(b)(1) must be determined beyond a reasonable doubt or admitted by the defendant, see Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), drug quantity for purposes of the Sentencing Guidelines must be proven only by a preponderance of the evidence. United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). Here, on the strength of the law enforcement officers' seizure of 22.6 grams of crack from Petitioner at the time of the traffic stop that yielded the evidence supporting his conviction, this Court properly found a drug quantity of 22.6 grams of crack, and the Court did not err in sentencing Petitioner based on the offense level corresponding with that drug quantity. Accordingly, trial counsel properly declined to object to the Court's drug quantity calculation.

In sum, Petitioner has not shown ineffective assistance of counsel based on counsel's failure to challenge the verdict form or to object to the calculation of Petitioner's base offense level.

**2. Appellate Counsel's Failure to File a Supplement Appellate Brief Arguing for a Reduced Sentence under Amendment 750**

Petitioner next argues that appellate counsel improperly failed to supplement the appellate brief initially filed on Petitioner's behalf with a claim for a reduced sentence on the basis of amendments to the Sentencing Guidelines related to crack cocaine offenses, specifically Amendment 750 to the Sentencing Guidelines. See U.S.S.G. app. C, vol. III, Am. 750. Petitioner was sentenced on March 11, 2010, and Amendment 750 did not become effective until November 1, 2010. Accordingly, an argument that this Court erred in failing to apply that amendment would have failed on direct appeal. Additionally, Petitioner ultimately received the benefit of Amendment 750 when this Court reduced his sentence to 235 months' imprisonment

5

based on that amendment under 18 U.S.C. § 3582(c)(2) on October 10, 2012. (Case No. 5:08cr20, Doc. No. 86: Order Granting Motion to Reduce Sentence re Crack Cocaine Offense). Accordingly, Petitioner has shown neither deficient representation nor prejudice.

In sum, Petitioner has not shown ineffective assistance of counsel based on appellate counsel's failure to supplement the appellate brief initially filed on Petitioner's behalf with a claim for a reduced sentence on the basis of amendments to the Sentencing Guidelines related to crack cocaine offenses.

### 3. Trial Counsel's Failure to Challenge Petitioner's Career Offender Designation

Finally, Petitioner argues that trial counsel improperly failed to challenge his designation as a career offender and that he was improperly designated a career offender under the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In sentencing Petitioner, however, this Court did not find that Petitioner qualified as a career offender, nor did the Government argue that Petitioner qualified as a career offender. Instead, the Government argued that this Court should depart upwardly and sentence Petitioner as a de facto career offender, precisely because he did not qualify as a career offender but his criminal history was extensive and serious enough to warrant his being sentenced as if he were one. Defense counsel objected to this sentence, but this Court ultimately determined that this departure was warranted. As noted above, the Fourth Circuit affirmed Petitioner's sentence and this Court's upward departure. Petitioner's counsel did not, therefore, improperly fail to object to Petitioner's status as a career offender. Petitioner was not designated a career offender, Petitioner objected to his sentence, and the Fourth Circuit affirmed that sentence.[2] For all of these reasons, Petitioner's

---

[2] In any event, even if Petitioner had been designated as a career offender, Petitioner would have

claim of ineffective assistance of counsel based on Simmons fails.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. The Government's Motion for Extension of Time to File Response out of Time, (Doc. No. 3), is **GRANTED** nunc pro tunc.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

---

no claim that counsel was ineffective for failing to challenge the career offender designation based on the argument that Petitioner's prior convictions were not predicate felonies for purposes of career offender designation. In other words, counsel would not have been ineffective for failing to predict that in Simmons the Fourth Circuit would overrule its previous ruling in United States v. Harp, 406 F.3d 242 (4th Cir. 2005). See United States v. Webb, 452 Fed. App'x 316, at *2 (4th Cir. 2011) (unpublished) ("Simmons notwithstanding, at the time of [defendant's] conviction and sentencing, Harp was the law in the circuit. Thus, even if counsel had objected, the court would have overruled the objection because the maximum sentence any defendant could have received was thirty months, thereby satisfying the career offender requirement."); Mahorn v. United States, No. 5:12-cv-188, 2012 WL 1253051, at *5 (E.D.N.C. Apr. 13, 2012) ("[A]ny section 2255 petitions filed after Carachuri and before the en banc decision in Simmons would have been denied, as the district court would have been bound by the controlling Fourth Circuit precedent in Harp. It would be absurd to require a section 2255 petitioner to have forecasted the ultimate effect of Carachuri on Fourth Circuit interpretations of North Carolina state criminal convictions.").

Richard L. Voorhees
United States District Judge